*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IHOR BRODYAK, :
:
Petitioner, : Civil Action No. 14-4351 (JLL)
:
v. : OPINION
:
CHRISTOPHER DAVIES, :
:
Respondent. :

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Ihor Brodyak ("Petitioner") brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent, Christopher Davies ("Respondent"), filed an Answer (ECF No. 6) and Petitioner filed a Reply (ECF No. 9). For the following reasons, the Court dismisses the petition without prejudice.

I. BACKGROUND

Petitioner is a native and citizen of the Ukraine. (ECF No. 1, at 6). He apparently entered the United States without inspection, parole, or authorization, at some point during 2004. (ECF No. 1, at 4; Decl. of Lawanda Charles attached to ECF No. 6, at ¶5). Petitioner came to the attention of Immigration and Customs Enforcement ("ICE") officials while he was incarcerated in Brocton, New York, following the revocation of his parole arising out of a conviction for driving under the influence. (Decl. of Lawanda Charles attached to ECF No. 6, at ¶6). ICE served Petitioner with a Notice to Appear in January of 2010, charging Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). (Id. at ¶7). ICE commenced removal proceedings against

Petitioner in February of 2010, at which point Petitioner filed an application for relief from removal. (Id. at ¶7). Following a bond hearing held pursuant to 8 U.S.C. § 1226(a), an immigration judge held that Petitioner would be released on $60,000 bond, an order for which both ICE and Petitioner waived appeal. (Id. at ¶¶8-9). As Petitioner failed to post his bond, he remained detained throughout the pendency of the removal proceedings. (Id. at ¶9).

Petitioner was transferred to the Bergen County Jail, where he remains, on April 25, 2013. (Id. at ¶10). On June 12, 2013, an immigration judge ordered Petitioner removed. (Id. at ¶11). Petitioner appealed to the Board of Immigration Appeals, which denied his appeal on December 4, 2013. (Id. at ¶11). On December 9, 2013, Petitioner filed a petition for review of the Board's decision with the Court of Appeals for the Second Circuit. (Id. at ¶12). Three days later, Petitioner filed a motion for a stay of removal as well. (Id. at ¶12). Although the Government originally filed a non-opposition response to the stay motion on December 13, 2013, the Government ultimately filed opposition to the motion on July 25, 2014. (Id. at ¶12). The motion for a stay of removal apparently remains pending before the Second Circuit. (Id. at ¶12).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is

currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention is not statutorily authorized and violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## B. Analysis

### 1. The Statutory Basis For Petitioner's Detainment

Petitioner argues at length that he is currently detained pursuant to 8 U.S.C. § 1226(a), and that his continued incarceration is therefore unlawful. *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011). Petitioner's argument rests on his assertion that the triggering of the Second Circuit's forbearance agreement with the Department of Homeland Security[1] has stayed his order of removal and reverted him to pre-removal order status. Petitioner, however, is mistaken.

8 U.S.C. § 1226 governs the detention of aliens "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Once an alien has been ordered removed and enters the removal period, however, his detention is instead authorized by 8 U.S.C. § 1231(a). *See Leslie v. Attorney General of the United States*, 678 F.3d 265, 268-70 (3d Cir.

---

[1] In the Second Circuit, pursuant to an agreement between the Courts and the Department of Homeland Security, the filing of a petition for review of a final order of removal, when accompanied by a motion for a stay of removal, triggers the forbearance agreement under which the Department has agreed not to effectuate the removal of an alien while his petition for review is pending in the circuit court. *See Persaud v. Holder*, Civil Action No. 10-6506, 2011 WL 5326465, at *1 (W.D.N.Y. Nov. 3, 2011).

2012). The removal period, and thus detention subject to § 1231(a), begins on one of three dates: the date the order of removal becomes administratively final; if the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order; or if the alien is detained or confined for non-immigration purposes, the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Where an alien appeals his order of removal to the BIA, his order of removal becomes administratively final on the date that the BIA dismisses that appeal. 8 C.F.R. § 1241.1(a). In the event that an alien seeks a stay of removal and that stay is granted, however, an alien's detention during the stay reverts to a pre-removal status, and is thus again controlled by § 1226. See Leslie, 678 F.3d at 678-70; Llorente v. Holder, Civil Action No. 11-6940, 2012 WL 1191147, at *5-6 (D.N.J. Apr. 10, 2012). It is the grant of the stay, and not simply the filing of a petition for a stay, which alters an alien's status. See Leslie, 678 F.3d at 678-70; U.S.C. § 1231(a)(1)(B)(ii).

Petitioner was ordered removed on June 12, 2013. His appeal to the BIA was denied and dismissed on December 4, 2013. His removal period therefore began on December 4, 2013. 8 U.S.C. § 1231(a)(1)(B); 8 C.F.R. § 1241.1(a); Leslie, 678 F.3d at 268-70. As such, Petitioner is currently confined pursuant to § 1231(a) and not § 1226 as he contends. Only in the event that the Second Circuit grants Petitioner's motion for a stay of removal would Petitioner's detainment revert to a pre-removal status and therefore be subject to § 1226 and Diop, which Petitioner argues mandates his release or a second bail hearing.[2] See Leslie, 678 F.3d at 678-70; see also Grossett

---

[2] Petitioner's Diop claim is premised on the argument that the Second Circuit's Forbearance policy is effectively a judicial stay, reverting his status to that of a pre-removal detainee, an argument accepted but the court in Luna-Aponte v. Holder. See 743 F. Supp. 2d 189, 196 (W.D.N.Y. 2010) (finding the forbearance agreement to be "effectively" a stay, even if it did not meet the literal requirements of the statute). The holding of that case, however, has been

4

*v. Muller*, Civil Action No. 13-654, 2013 WL 6582944, at *3 n.2 (D.N.J. Dec. 13, 2013) (JLL) (in spite of the Second Circuit's Forbearance Policy, 8 U.S.C. 1231(a) controls when "no court [has] ordered a stay of . . . removal"). As Petitioner's motion for a stay has not yet been granted, his detention is authorized by § 1231(a), and the correct standard for determining the lawfulness of his continued detainment is therefore that annunciated in *Zadvydas*, 533 U.S. at 701.

### 2. The Lawfulness of Petitioner's Detention

Under § 1231(a) the Government is required to detain an alien during the ninety-day removal period. 8 U.S.C. § 1231(a)(2); *Zadvydas*, 533 U.S. at 683. Aliens who are removable, however, may be detained beyond that ninety-day period as long as "reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689, 699. A period of six months from the date of removal is a presumptively reasonable time in which to effectuate an alien's removal. *Id.* at 701. Once that six months from the removal date has expired, the alien may be released if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.*

The six month reasonable period, however, is tolled when an alien requests judicial review of a removal order. *See Joseph v. Dep't of Homeland Sec.*, Civil Action No. 05-5233, 2006 WL 1644875, at *2 (D.N.J. June 12, 2006). Where an alien's continued detention is the result of his

---

disputed even within the Western District of New York. *See Mathews v. Philips*, Civil Action No. 13-339, 2013 WL 5288166, at *3, *3 n. 2 (W.D.N.Y. Sept. 18, 2013) (rejecting *Luna-Aponte's* reasoning and finding that in spite of the forbearance policy, §1231(a) still controls an alien's detention after a final order of removal and prior to a judicially granted stay). As this Court has previously held, absent a judicially ordered stay, § 1231(a) remains the operative statute for an alien ordered removed who has sought but not received a stay of removal. *Grossett*, 2013 WL 6582944, at *3 n.2.

5

challenge to a removal order which prevents the alien's deportation, the reasonable period of *Zadvydas* is extended. *See Evangelista v. Ashcroft*, 204 F. Supp. 2d 405, 409 (E.D.N.Y. 2002); *see also Hendricks v. Reno*, 221 Fed. Appx. 131, 133 (3d Cir. 2007) (where an alien seeks and is granted a stay of removal, continued detention is permissible under the statute even beyond the six month period as the removal period restarts following the conclusion of review by the Circuit Court); *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (detention "directly associated with a judicial review process . . . has a definite and evidently impending termination point" and is therefore lawful); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (the filing of a motion for stay of deportation interrupts the running of time under *Zadvydas*).

Here, Petitioner's removal period began on December 4, 2013. He applied for a stay of removal eight days later, on December 12, 2013. Thus, only eight days of his removal period had run when Petitioner's application for a stay interrupted the running of the removal period. As the filing of his petition for a stay of removal tolled the running of the removal period under *Zadvydas*, this petition is premature.

Even had the six month reasonable period run, Petitioner's claim must fail as he has provided no evidence that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 698-701. Petitioner's basis for challenging his detention is his argument that the Second Circuit's forbearance agreement has left him indefinitely detained. As the judicial review process, which Petitioner initiated, "has a definite and evidently impending termination point," *Soberanes*, 388 F.3d at 1311, and nothing in the record suggests that Petitioner could not be expeditiously deported as soon as his challenge is decided by the Second Circuit, the forbearance agreement in and of itself does not warrant *Zadvydas* relief.

6

As this petition is premature, and as Petitioner is in any event not entitled to relief, the petition must be dismissed. *See Rodney v Mukasey*, 340 Fed. Appx. 761, 764-64 (3d Cir. 2009) (*Zadvydas* claims brought before the presumptively reasonable period has ended must be dismissed). Because a change in circumstances, such as the granting of Petitioner's request for a stay, could alter the nature of Petitioner's detainment, the dismissal will be without prejudice to the filing of a subsequent petition in the event that Petitioner's circumstances have changed.

### III. CONCLUSION

For the reasons stated above, the petition is dismissed without prejudice to another petition should Petitioner's circumstances change, such as in the event that the Second Circuit grants his motion for a stay. An appropriate order follows.

                                                                          Hon. Jose L. Linares, U.S.D.J.